ODOM, Justice.
 

 This suit was filed in Rapides Parish on July 13, 1938. Plaintiff, a resident of New Orleans, alleged in his petition that he was a brother of Mauriel E. Normand, who died in Alexandria, Louisiana, “during the early part of 1936”; that his brother at the time of his death was indebted unto petitioner in the sum of $14,580, which amount represents certain rental collections made by his brother over a period of nine years immediately preceding his death; that petitioner owns certain real estate in Alexandria which was leased for an annual rental of $1,820; that his brother collected the rentals each year for nine consecutive years, with the understanding that he would account to petitioner for the amount collected, less taxes, insurance, water bills, and incidental expenses for repairs, all of which expenses, petitioner alleged, amounted to $1,800 for the nine-year period, leaving a net balance due him of $14,580, for which amount his brother never rendered an accounting and which he never paid, and that his brother owed him the latter amount at the time of his death.
 

 He alleged that his brother’s succession “was duly opened in the Parish of Rapides”, where the suit was filed. He brought his suit, not against the succession of his brother, but against one of his sisters, Cecile Normand, widow of Albert S. Davis, alleging that she was indebted unto him in the full amount of $14,580, the amount he alleged his brother owed him at the time of his brother’s death. He alleged in Paragraph 3 of his petition that “defendant herein succeeded to the property comprising the estate of the late Mauriel E. Normand, by virtue of an agreement she entered into as between your petitioner and said defendant wherein she obligated herself in writing to pay and discharge the debt owed by the succession”. And in Paragraph 4 plaintiff alleged that the instrument in writing, referred to in Paragraph 3 of his petition, was dated May 11, 1936, “which said agreement as referred to is made part hereof, just as though written at length herein”. Plaintiff alleged that
 
 *570
 
 he had “a lien and privilege on all of the property comprising the estate of the late Mauriel E. Normand as fully described in probate proceedings No. 4389 of the docket of the Ninth Judicial District Court of Rapides Parish * * *. And petitioner makes said probate proceedings No. 4389 herein referred to part hereof as' though written at length herein”. In Paragraph 9 of his petition plaintiff alleged that “defendant herein has been duly notified from time to time of petitioner’s claim, and was fully aware of the indebtedness due petitioner before she succeeded to the property comprising the estate of the late Mauriel E. Normand”.
 

 The defendant through counsel alleged that she was unable to plead or answer without oyer of the alleged “agreement, of date May 11, 1936,” which was referred to in Paragraph 4 of plaintiff’s petition. She asked that she be relieved from pleading further or answering the suit until the said agreement should be filed in the office of the clerk of court. The court ordered the plaintiff to produce and file the agreement dated May 11, 1936. In obedience to this order, the plaintiff produced and filed the agreement.
 

 Thereupon, counsel for defendant filed exceptions of no cause and no right of action and a plea of estoppel, and pleaded the prescriptions of one, two, three, and five years. These exceptions and pleas were argued at the same time. The plea of estoppel was sustained by the court, and plaintiff’s suit was dismissed. There was no ruling on the exceptions and the plea of prescription. The plaintiff appealed from the judgment sustaining the plea of estoppel.
 

 Therefore, the only question presented for our consideration is whether the ruling of the court sustaining the plea of estoppel was correct.
 

 Aside from plaintiff’s original and amended petitions, defendant’s pleas and exceptions, extracts from the minutes of the court, and the judgment, the record as made up and presented to us contains nothing except the written instrument dated May 11, 1936, referred to in Paragraphs 3 and 4 of plaintiff’s petition. That instrument was made part of plaintiff’s original petition. After reading the petition and the written instrument, we find ourselves unable to pass intelligently on the plea of estoppel.
 

 Plaintiff alleged that he was a brother of the deceased Mauriel E. Normand. The written instrument referred to evidences a sale by the plaintiff and “Mrs. Lillian Scholl, born Normand, widow of Joseph Scholl, deceased,” to “Mrs. Cecile Davis, born Normand, widow of Albert S. Davis”. While the petition and the written instrument do not so show, it was stated by counsel for both sides in oral argument before the court that Mrs. Lillian Scholl, one of the vendors, and Mrs. Cecile Davis, the vendee, were sisters of the deceased Mauriel E. Normand and of the plaintiff Wylie T. Normand.
 

 The written instrument recites that the vendors do by that act “grant, assign, set over, transfer, convey and deliver unto the said Mrs. Cecile Normand Davis, the fol
 
 *572
 
 lowing described property: All right, title and interest” of the vendors “in and to all of the property, rights, assets and effects, real and personal, belonging to the succession or estate of Mauriel E. Normand, deceased, late a resident of Rapides Parish, Louisiana,
 
 and including more particularly all of the right, title and interest of the said Mrs. Lillian Normand Scholl and Wylie T. Normand as legatees of said decedent in and to the following described real estate, situated in Rapides Parish, Louisiana”.
 
 (Italics are the writer’s.)
 

 Then.follows a complete description of 17 separate and distinct lots or parcels of real estate.
 

 Following the description of the real estate, the written instrument recites that the vendors convey to the vendee all their right, title, and interest “in and to all cash belonging to the estate or succession of said decedent, including particularly all funds to the credit of C. G. Normand, as testamentary executor of the last will and testament of said decedent, * * * and all right, title, interest and claim” of the vendors “in and to all funds on deposit in the name of said Cylton G. Normand, as Trustee, in the Guaranty Bank & Trust Company of Alexandria, Louisiana”.
 

 The last general' paragraph of the instrument reads in full as follows:
 

 “Said Vendors declare that their interest in and to all said property shall be held unto the said vendee, her heirs and assigns in full property forever. Each of the vendors as legatee of said decedent, warrants the title of each of said parcels of real estate above described in the same proportion as the proportion of ownership therein which accrued to such vendor under the last will and testament of said decedent, which has been probated in proceedings number 4389 on the probate docket of the Ninth Judicial District Court of Rapides Parish, Louisiana, and subrogates said vendee unto all rights and actions in warranty accruing to such vendor as a legatee of said decedent against all former owners of said properties, it being further understood as part of the consideration of this sale that the said vendee shall assume and discharge such proportion of all of the debts owed by said succession as may be payable by each of said appearers as legatees of said decedent.”
 

 According to plaintiff’s petition, the debt which he is now attempting to collect was due by the succession of his deceased brother. But the suit to collect that debt is not brought against the succession, but is brought against one of his sisters, to whom he sold his interest in the succession. A reading of plaintiff’s petition and the written instrument evidencing the sale of his interest in the succession to his sister shows that his brother, whose succession is alleged to be indebted unto him, left a last will and testament which was duly probated, and that one Cylton G. Normand, possibly a brother of the plaintiff, was appointed and confirmed as executor of the estate of the deceased. Plaintiff alleged in Paragraph 3 of' his petition that his brother’s succession was duly opened in the Parish of Rapides, and that' “defendant herein succeeded to the property comprising the
 
 *574
 
 estate of the late Mauriel E. Normand.” Counsel for plaintiff say in their brief that:
 

 “The suit is brought by a brother of .the deceased against a sister who accepted the succession and thus made herself liable for any debts of the deceased.”
 

 Thus it appears that plaintiff’s theory is that the defendant is bound for all the debts of the succession because she accepted the succession unconditionally. But a reading of Paragraph 3 of plaintiff’s petition as a whole shows conclusively that his cause of action against his sister is not based upon that theory at all, but upon the theory that, by virtue of the written agreement referred to, “she obligated herself in writing to pay and discharge the debts owed by the succession”.
 

 But that written instrument shows on its face that she did not assume all the debts due by the succession. We have quoted in full the last general paragraph of the instrument, which contains the following provision relating to warranty:
 

 “* * * it being further understood as part of the consideration of this sale that the said vendee shall assume and discharge such proportion of all of the debts owed by said succession as may be payable by each of said appearers as legatees of said decedent.”
 

 The vendee accepted the sale by separate act passed before a notary in the Parish of Rapides, in which acceptance it is declared that she is the vendee named in the above and foregoing instrument and that she accepts the above and foregoing transfer upon the terms recited therein, and
 

 “* * * she specially declares that as part of the consideration herefor she does' hereby assume and agree to pay the proportion payable by said vendors as legatees of Mauriel E. Normand, deceased, of all debts which may be legally payable by his succession.”
 

 This language and that quoted last above clearly show that she did not intend to assume all the debts due by the succession, but only that proportion thereof “payable by said vendors as legatees of Mauriel E. Normand, deceased”.
 

 Plaintiff alleged in Paragraph 9 of his petition that the defendant herein “has been duly notified from time to time of petitioner’s claim, and was fully aware of the indebtedness due petitioner before she succeeded to the property comprising the estate of the late Mauriel E. Normand”.
 

 It may be, as alleged by plaintiff, that the defendant was informed as to the existence of the claim made by plaintiff, and that it was understood between the parties that she would pay that debt as a part of the consideration of the sale, and that, as a matter of fact, the written instrument itself does not set forth the true intent of the parties.
 

 Counsel for plaintiff say that they got the information concerning what was intended from their client, and, from the allegations contained in the petition, it would seem that plaintiff understood that defendant was to pay his claim. It may well be that the parties to this contract misunderstood each other.
 

 Paragraph 4, Article 1945 of the Revised Civil Code, reads as follows:
 

 
 *576
 
 “That it is the common intent of the parties — that is, the intention of all — that is to be sought for; if there was a difference in this intent, there was no common consent, and, consequently, no contract.”
 

 Certainly, if it was the common intent of the parties that the defendant should assume and pay all the debts of the succession, the plaintiff is not estopped from pressing his claim against the defendant. We cannot decide the issue thus raised, and for that reason, if for no other, the case will have to be remanded and the plea of estoppel referred to the merits.
 

 But there is another reason why we cannot pass intelligently on the plea of estoppel. Counsel for defendant advances the theory that plaintiff is estopped by deed. Although he has cited no authority in his brief and referred to none in his oral argument before the court, we assume that he relies upon the general proposition, as laid down by Article 1764, Paragraph 2, of the Revised Civil Code, that warranty is implied in every sale, and by Article 2501 of the Code, which provides that:
 

 “Although at the time of the sale no stipulations have been made respecting the warranty, the seller is obliged, of course, to warrant the buyer against the eviction suffered by him from the totality or part of the thing sold,
 
 and against the charges claimed on such
 
 thing,
 
 which were not declared at the time of the sale.”
 
 (Italics are the writer’s.)
 

 It is true that, where one sells a thing to another under warranty, he cannot thereafter be heard to assert charges against the thing sold, which charges were not declared at the time of the sale.
 

 Here again there is confusion. Plaintiff alleged, in effect at least, that his charges against the succession of his brother were declared at the time of the sale. Whether they were or not, we do not know.
 

 Furthermore, the general warranty clause in this contract is ambiguous. The vendors declared that their interest in and to all the property sold should be “held unto the said vendee, her heirs and assigns in full property for ever.” No warranty is mentioned in this particular clause, but, according to Paragraph 2 of Article 1764 of the Code, warranty is implied in every sale, but “may be modified or renounced, without changing the character of the contract or destroying its effect”. Following the clause in the contract which implies general warranty, there is this declaration:
 

 “Each of the vendors as legatee of said decedent, warrants the title of each of said parcels of real estate above described in the same proportion as the proportion of ownership therein which accrued to such vendor under the last will and testament of said decedent.”
 

 Counsel for defendant argues that the general warranty clause in the contract should be construed to mean that plaintiff sold his interest in the succession under full warranty, while counsel for plaintiff argue that their client, one of the vendors, clearly intended to modify the warranty so as to apply only to such interest in the real estate as accrued to him “under the
 
 *578
 
 last will and testament of said decedent”. Here again there is confusion. We are not in position to say what the parties meant, because the warranty clause as a whole is ambiguous.
 

 And, finally, it is impossible for us to say just what interest in the real estate or other property this plaintiff, one of the vendors, owned and intended to sell. The petition and the written instrument indicate that plaintiff inherited an interest in his brother’s estate, and it clearly appears that he was a legatee under his brother’s will. Since the probate proceedings are not before us, there is nothing to indicate what interest in the property, if any, plaintiff inherited or what interest he acquired as legatee. The plea of estoppel should have been referred to the merits in order to determine the true intent of all parties to the instrument, and the case will have to be remanded in order that that be done. Since only the plea of estoppel is before us at this time, what we say in this opinion has no reference whatever to the .other pleas and the exceptions filed.
 

 For the reasons assigned, the judgment appealed from is set aside, and it is ordered that the case be remanded, and that the plea of estoppel be referred to the merits, and that the costs of this appeal be paid by appellant, all other costs to await final results.
 

 McCALEB, J., concurs in . the decree.
 

 ROGERS, J., absent.